UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROSARIO ALILIN,**

**Plaintiff,**

**v.**                                                       **Case No: 6:14-cv-1183-Orl-41DAB**

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,**

**Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand to State Court ("Motion

to Remand") (Doc. 13), filed July 30, 2014, and Plaintiff's Motion for Leave to File a Reply (Doc.

24), filed August 25, 2014. Also before the Court is Defendant's Motion to Dismiss Counts II and

III of the Complaint ("Motion to Dismiss") (Doc. 7), filed July 24, 2014. For the reasons stated

herein, the Court will deny Plaintiff's Motion to Remand and Plaintiff's Motion for Leave to File

a Reply and will grant Defendant's Motion to Dismiss.

## I.    BACKGROUND

Plaintiff alleges that on October 3, 2010, she was involved in a collision with an uninsured

driver caused by the uninsured motorist's negligence. (Compl., Doc. 2, at 2). As a result of the

accident, Plaintiff claims that she sustained physical injuries resulting in damages. (*Id.*). At the

time of the accident, Plaintiff was insured by Defendant. (*Id.*). Defendant has not paid Plaintiff

benefits under the policy. (*Id.*).

Plaintiff filed the instant case in the Circuit Court for the Eighteenth Judicial Circuit in and

for Seminole County, Florida, on June 17, 2014. (*Id.* at 1, 8). In her Complaint, Plaintiff alleges

claims for recovery of the uninsured motorists benefits under her policy with Defendant (Count I) and violation of Florida's bad faith law, Fla. Stat. § 624.155, (Count II). (*Id.* 1–6). Plaintiff additionally seeks declaratory judgment as to the liability of the uninsured motorist and the total amount of compensation for damages she is entitled to as a result of the crash (Count III). (*Id.* at 7). On July 21, 2014, Defendant removed the case to federal court. (Notice of Removal, Doc. 1). Defendant asserts federal jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at 1–2). After removing the case, Defendant moved to dismiss Counts II and III for failure to state a claim. Subsequently, Plaintiff moved to remand the case to state court for want of jurisdiction.

## II.   MOTION TO REMAND

### A.   Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." In determining the amount in controversy, the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In that vein, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Id.* (citing cases).

A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where, as here, the plaintiff fails to plead "a specific amount of damages, the removing defendant

must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* Nonetheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

**B.    Discussion**

Plaintiff does not contest the existence of diversity of citizenship. Plaintiff only disputes the sufficiency of Defendant's evidence to establish an amount in controversy exceeding $75,000. Defendant maintains that Plaintiff's Motion to Remand should be denied because evidence contained in Plaintiff's medical records (Doc. 1-4, at 3–34) and Civil Remedy Notice of Insurer Violations ("Civil Remedy Notice," Doc. 1-2, at 13–15), show an amount in controversy in excess of $75,000. Plaintiff, in response, contends that the Civil Remedy Notice is not proper evidence and that all amounts listed in the medical records should be reduced by future set-offs. Plaintiff also argues that the medical records are not entitled to significant weight because they were provided in connection with a settlement offer.

The Court may consider Plaintiff's medical records submitted with her settlement offer. There is no question that a Court may consider a settlement offer made by a Plaintiff in determining if diversity jurisdiction exists. *See, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.

1994) (considering a plaintiff's settlement offer as "count[ing] for something" when assessing the amount in controversy); *Gehl v. Direct Transp., Ltd.*, No. 6:12-cv-1869-Orl-31DAB, 2013 WL 424300, at *3 (M.D. Fla. Feb. 4, 2013) ("A plaintiff's settlement demand or a plaintiff's response to a settlement offer is some evidence of the amount in controversy." (emphasis removed)). Plaintiff submitted the medical records as part of a settlement offer and therefore, the records are proper evidence of the amount in controversy.

Settlement offers are not conclusive proof of the amount in controversy as these offers, particularly pre-suit offers, typically "reflect puffing and posturing" on the part of the plaintiff. *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364–65 (M.D. Fla. 1998). However, Courts must consider the "circumstances" under which a settlement offer was made in weighing its evidentiary value. *Jackson*, 651 F. Supp. 2d at 1281. "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Id.* (quotation omitted). Under the circumstances, Plaintiff's medical records are entitled to great weight. Although submitted with a settlement demand, the records themselves were not created for litigation and reflect no attorney input. The medical records are a collection of third-party bills reflecting charges incurred by Plaintiff for medical services. Accordingly, the Court finds these records to be persuasive evidence that an amount in excess of $75,000 is in controversy.

Having determined that the medical records are reliable evidence entitled to substantial weight, the Court must now determine if potential future set-offs should be taken into account in assessing the amount in controversy. Plaintiff claims that, after set-offs, the medical expenses will be significantly less than $75,000. "It is axiomatic that the amount in controversy is determined at

the time of removal. Applying this maxim, case law instructs that any post-judgment 'set-offs' or collateral source payments are irrelevant to determine the amount in controversy at the jurisdictional stage." *Gehl*, 2013 WL 424300, at *2 (citation omitted); *see also Lopez v. Exxon Mobil Corp.*, No. 8:13-CV-45-T-17TGW, 2013 WL 3458147, at *2 (M.D. Fla. July 9, 2013); *Henry v. K-Mart Corp.*, No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010); *Stramiello v. Petsmart, Inc.*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550, at *4 (M.D. Fla. May 26, 2010). Potential future set-offs are not considered at the removal stage. Plaintiff's medical records reflect medical expenses far in excess of $75,000. Plaintiff specifically lists the "expense of . . . medical . . . care and treatment" as a damage in her Complaint. (Compl. ¶ 8). Therefore, Defendant has met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Plaintiff's Motion to Remand will be denied. Based on this conclusion, the Court need not consider if the Civil Remedy Notice is proper evidence of the amount in controversy. A reply will not assist the Court in light of the above findings. Therefore, Plaintiff's Motion for Leave to File a Reply will be denied.

### III.   MOTION TO DISMISS

#### A.   Legal Standard

Defendant purports to have filed a Motion to Dismiss; however, such a motion was not timely filed. Rule 12(b) of the Federal Rules of Civil Procedure[1] provides that a motion to dismiss "must be made *before* pleading if a responsive pleading is allowed." (emphasis added). Here, the Answer and initial Motion to Dismiss were filed on the same day. Although the Answer is only

---

[1] Both parties incorrectly cite to the Florida Rules of Civil Procedure. Cases in federal court, where this case is pending, are governed by the Federal Rules of Civil Procedure. The Court expects both parties to utilize the appropriate procedural rules in all future filings.

partial and references the Motion to Dismiss as to Counts II and III, the Rule clearly requires all Rule 12(b) motions to be filed prior to a responsive pleading. *See Walker v. Mead*, No. 6:13-cv-1894-Orl-36GJK, 2014 WL 2778162, at *1, 3 (M.D. Fla. June 18, 2014) (denying a Rule 12(b)(6) motion to dismiss because that motion was filed simultaneously with the answer).

However, the defense raised by Defendants—failure to state a claim upon which relief can be granted—is not waived by failure to include that defense in a pre-answer motion and can be raised in a responsive pleading, in a Rule 12(c) motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2). Thus, "[a] court should construe a post-answer motion brought under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c)." *Hogan v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *3 (M.D. Fla. July 20, 2009) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1096 n.46, 1104 n.63 (11th Cir. 2001)). The Motion to Dismiss will, therefore, be construed as a Rule 12(c) motion for judgment on the pleadings.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings . . . is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). For practical purposes, a Rule 12(c) motion is subject to the same standard of review as a Rule 12(b)(6) motion. *United States v. Halifax Hosp. Med. Ctr.*, 997 F. Supp. 2d 1272, 1274 (M.D. Fla. 2014). Under a Rule 12(b)(6) analysis, a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition to its argument that Plaintiff fails to state a claim, Defendant argues that this Court lacks jurisdiction as to Count II of the Complaint. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss the claims against it for "lack of subject-matter jurisdiction." "Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

### B. Discussion

Currently at issue is whether Counts II and III of the Complaint should be dismissed. Count II purports to state a cause of action for bad faith in violation of Florida law. (Compl. at 3–4). Count III seeks declaratory judgment as to liability and total damages suffered by Plaintiff as a result of the crash. (*Id.* at 7). As set forth below, both counts will be dismissed for want of jurisdiction.

#### 1. Bad Faith

Count II alleges a claim for bad faith in violation of section 624.155 of the Florida Statutes. Defendant argues that this claim is due to be dismissed because it is not ripe and therefore, this Court lacks jurisdiction. Plaintiff argues that the claim is proper because it is common practice in Florida state courts to allow bad faith and uninsured motorist claims to be pleaded together. Plaintiff claims that Count II should be abated, not dismissed, pending the resolution of her uninsured motorist claim set forth in Count I.

This Court agrees that the practice of holding bad faith claims in abatement pending the resolution of an underlying claim has been deemed acceptable by Florida courts. *See Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005); *see also Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *2 (M.D. Fla. Nov. 24, 2014) (stating that both abatement and dismissal without prejudice are permitted by Florida courts); *Gianassi v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443, at *2 (M.D. Fla. Oct. 7, 2014) (same). However, Plaintiff's argument overlooks one significant difference between state and federal courts. Federal courts are courts of limited jurisdiction, so when a case is brought in diversity the plaintiff bears the burden of establishing the Article III prerequisites to jurisdiction. *Westchester Fire Ins. Co. v. Punit Corp.*, No. 3:03cv188/MCR, 2006

WL 3755198, at *2–3 (M.D. Fla. Dec. 19, 2006); *see also Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir. 2011) ("In diversity actions, the federal court must apply the substantive law of the state in which it sits, except in matters governed by the Federal Constitution or by act of Congress." (quotation omitted)). Plaintiff must establish that her claim is ripe for adjudication.

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)). "If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009). Not only does Plaintiff fail to address the jurisdictional argument, in her Complaint Plaintiff concedes that "[Count II] *will ripen* upon the determination by the Court or by confession of judgment by [Defendant] that Plaintiff is entitled to the limit of uninsured motorist benefits under the Policy." (Compl. at 3 (emphasis added)). As neither of these events has occurred, Plaintiff concedes that her claim is not yet ripe.

Even absent Plaintiff's concession, however, the bad faith claim is not ripe. "[A] cause of action in court for [bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract." *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000); *see also Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994) ("Under ordinary circumstances, a third party must obtain a judgment against the insured in excess of the policy limits before prosecuting a bad-faith claim against the insured's liability carrier."). Thus, a claim for bad faith requires: (1) a determination of liability and (2) a judgment awarding damages in excess of the policy limits. Plaintiff cannot establish either of these elements

at this stage. Furthermore, it is uncertain that Plaintiff will ever be able to establish these elements as Defendant may be found not liable or may be liable for damages not in excess of the policy limits. Accordingly, Plaintiff's bad faith claim is not ripe and this Court lacks jurisdiction over it. *See Gen. Accident Ins. Co. v. Shah*, No. 6:00-CV-489-ORL28KRS, 2001 WL 273244, at *3 (M.D. Fla. Jan. 23, 2001). Count II of the Complaint will be dismissed without prejudice for want of subject matter jurisdiction.

2.      *Declaratory Judgment*

In Count III, Plaintiff seeks a declaratory judgment from the Court "finding and determining liability and the total amount of damages suffered by Plaintiff as a result of the [c]rash." (Compl. at 7). Defendant argues that Count III is improper because it is not the proper subject of a declaratory judgment by the Court and Defendant is entitled to have these determinations made by a jury. Plaintiff's Response purports to challenge the dismissal of Count III but Plaintiff advances no arguments against dismissal in her Response. "A plaintiff that fails to address a claim challenged by a defendant does so at its peril, both because the Court may not detect defects in the defendant's position . . . and because . . . the Court will not on its own raise arguments to counter the defendant's case." *Gailes v. Marengo Cnty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1244 n.12 (S.D. Ala. 2013).

Count III is also premature at this stage of the litigation. "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Accordingly, "a party seeking declaratory relief must satisfy the same jurisdictional requirements prerequisite to the bringing of other suits." *Wendy's Int'l, Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989). For the reasons already stated herein, Plaintiff

cannot establish jurisdiction for Count III as this claim is predicated on Plaintiff's unripe bad faith claim. No actual controversy exists as to the liability and damages elements of the bad faith claim as the claim itself is not ripe. Therefore, Count III will also be dismissed without prejudice.

### IV.   CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 13), filed July 30, 2014, is **DENIED**.

2. Plaintiff's Motion for Leave to File a Reply (Doc. 24), filed August 25, 2014, is **DENIED**.

3. Defendant's Motion to Dismiss (Doc. 7), filed July 24, 2014, is **GRANTED**.

4. Counts II and III of the Complaint (Doc. 2) are **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record